# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**7-ELEVEN, INC.**,

    Plaintiff,

    v.

**VIPUL PATEL**,

    Defendant.

Civil Action No.1:17-cv-10341-WGY

## EMERGENCY MOTION TO COMPEL ANSWER TO COMPLAINT

Plaintiff 7-Eleven, Inc. moves for an order prohibiting Defendant Vipul Patel from raising counterclaims or affirmative defenses at trial if Patel fails to file an Answer or otherwise provide notice of those defenses and/or counterclaims by Tuesday, March 21, 2017. As grounds for this Motion, 7-Eleven states:

1. 7-Eleven filed this action on March 1, 2017.

2. On March 2, 2017, Patel agreed to waive service pursuant to Fed. R. Civ. P. 4(d).

3. On March 8, 2017, this Court collapsed the resolution of 7-Eleven's motion for a preliminary injunction with a jury trial on the merits. The Court set alternative trial dates of March 27, 2017, or April 10, 2017.

4. Under Fed. R. Civ. P. 4(d)(3), trial on either scheduled date will be complete before Patel's Answer is due.

5. Counsel for Patel has stated that, in lieu of filing an answer, Patel intends on Monday, March 20, 2017, to file either a Fed. R. Civ. P. 12(e) motion for a more definite statement, or a motion to dismiss under Fed. R. Civ. P. 9(b).

EAST\141011222.1

Patel has an obligation to provide notice in his pleadings of his affirmative defenses and counterclaims. <u>See, e.g.</u>, Fed. R. Civ. P. 8(b), 13(a). Absent the requested relief, 7-Eleven will be forced to try this action without that required notice. This is inherently prejudicial and justifies the waiver of any affirmative defenses or counterclaims Patel might seek to raise at trial. <u>See, e.g.</u>, <u>Depositors Trust Co. v. Slobusky</u>, 692 F.2d 205, 208-09 (1st Cir. 1982) (noting that defenses not raised in the pleadings are ordinarily waived and evidence relevant to them ordinarily excluded as "[a]dverse parties and the court have a right to timely notice of such issues."). Accordingly, 7-Eleven respectfully requests that the Court enter an order prohibiting Defendant Patel from raising at trial any counterclaims or affirmative defenses, or introducing evidence relevant to any counterclaims or affirmative defense, if Patel fails to file an Answer by March 21, 2017.

**7-ELEVEN, INC.**

By its attorneys,

/s/ Matthew Iverson
Matthew Iverson (BBO No. 653880)
matthew.iverson@dlapiper.com
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000


*Of Counsel*

Norman M. Leon
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-4000


Dated: March 16, 2017


**CERTIFICATE OF SERVICE**

I, Mathew Iverson, hereby certify that a true copy of the foregoing document filed through the ECF system will be served via email and hand delivery to Rory Valas, Valas Associates PC, counsel for Defendant, on March 16, 2017.

/s/ Matthew Iverson


**LR 7.1 STATEMENT**

I, Matthew Iverson, hereby certify that on March 15, 2017, in compliance with Local Rule 7.1, I communicated with counsel for the Defendant in an unsuccessful attempt to narrow the dispute in this motion.  .

     /s/ Matthew Iverson